People v Herrera (2021 NY Slip Op 01148)





People v Herrera


2021 NY Slip Op 01148


Decided on February 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 23, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick
Sallie Manzanet-Daniels Barbara R. Kapnick Cynthia S. Kern Tanya R. Kennedy


Index No. 1684/15 Appeal No. 12929 Case No. 2017-02109 

[*1]The People of the State of New York, Respondent,
v
Karilie Herrera, Defendant-Appellant.



Defendant appeals from a judgment of the Supreme Court, New York County (Jill Konviser, J.), rendered January 11, 2017, convicting defendant, after a jury trial, of assault in the second degree, and imposing sentence.




Center for Appellate Litigation, New York (Robert S. Dean of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Philip Vyse Tisne and Patrick J. Hynes of counsel), for respondent.



Manzanet-Daniels


The trial court's instructions failed to convey that an acquittal of the greater charge of attempted assault in the first degree on the basis of justification precluded consideration of the lesser included offense of second-degree assault. Because we cannot know the theory upon which the jury relied in acquitting defendant of attempted assault in the first degree, the court's failure to give the required stop deliberation charge requires reversal in the interest of justice.
In defense counsel's opening statement, she explained that the defense was justification, that defendant was "trying to defend herself." Counsel emphasized, "this was truly a case of self-defense," and that "the People will not be able to disprove beyond a reasonable doubt the defense of justification."
Defendant and the complainant Neville had been having a feud on social media over disparaging remarks defendant had made about the father of Neville's children. In the early morning hours of April 13, 2015, defendant encountered Neville, Neville's sister Elizabeth, and their cousin Fantasia outside of a neighborhood restaurant. Defendant screamed at the sisters as they were leaving the restaurant. "[F]ed up" with defendant and "tired of her bullying," Neville turned and "went at" defendant. A fight ensued between the two women. Neville grabbed defendant's hair and defendant warned that she was going to "cut" Neville if she didn't let go. Neville cut defendant with what Neville believed to be a piece of broken glass, which was lying "everywhere," according to Neville. According to defendant, at some point in the fight Fantasia hit her in the head with a shoe and then with a liquor bottle, which Fantasia had broken on the ground. Defendant cut her leg on broken glass. She testified that she thought the fight "was never going to end," and that she was just "trying to defend [herself] the whole time." She couldn't leave because "[e]very time [she] thought [she] was going to let loose and separate," one of the three would come and attack her. She testified that she felt as if she was "fighting for [her] life."
In defense counsel's closing, she noted that it was the People's burden to disprove the defense of justification or "self-defense," and cited defendant's testimony that she was "fighting for [her] life." However, she did not focus on justification to the same extent as she did in the opening statement.
Following summations, the trial court chided defense counsel for closing "in a fashion that's opposite than what [she] opened [*2]on," but nonetheless indicated that it would give a deadly physical force justification charge as to counts one and two, alleging attempted first-degree assault and second-degree assault, respectively.
The trial court instructed the jury that defendant had raised justification as a defense with respect to counts one and two and stated that the People were required to prove three elements to establish defendant's guilt on count one, including "that defendant was not justified." With respect to count two, the court stated that defendant had also raised the defense of justification. The court stated that as an element of count two the People were required to prove beyond a reasonable doubt that "the defendant was not justified."
During deliberations, the jury submitted a note asking, "[w]e would like to understand why the defendant is pleading self-defense in the first two counts." The court instructed the jury that it was up to them to determine whether defendant had committed the acts alleged in counts one and two and "it is also for [the jury] to determine whether [defendant] was justified." Several hours later, the jury sent another note requesting the legal definitions of counts one and two. The court re-read its instructions, repeating that the justification defense "applie[d] to Count 1 and Count 2." The jury subsequently returned a verdict of not guilty on count one and guilty on count two.
Justification was a central issue in the case, as reflected in the testimony, the defense's opening statement, and the instructions given by the trial court.
While it is true that defense counsel's summation alluded to justification in weaker terms than her opening, the theory remained viable and was charged to the jury.
Since the trial court failed to instruct the jury in accordance with People v Velez (131 AD3d 129, 130 [1st Dept 2015]), reversal in the interest of justice is warranted.
In Velez, the trial court granted the defense's request for a justification charge and advised the jury that they were to separately analyze the defense with respect to each count. In setting forth the elements of each of the crimes charged, the court included as the last element of each that "the defendant was not justified" (131 AD3d at 132). Neither the verdict sheet nor the court's explanation of its contents mentioned justification. We agreed with the defense that it was error for the trial court to fail to instruct the jury that acquittal on the top count of attempted murder based on justification precluded further deliberations (id. at 133). Because it was impossible to determine whether acquittal of the top count was based on the jurors' finding of justification so as to require acquittal on the two lesser counts, the verdict was at best ambiguous (id. at 130). Including as an element of each offense "that the defendant was not justified" may have left the jurors with the mistaken apprehension that deliberation on each crime required reconsideration of the [*3]defense of justification, notwithstanding that they had already acquitted the defendant of the top charge based on justification (id. at 133). We accordingly reversed the judgment, in the interest of justice, and remanded for a new trial (id. at 133; see also People v Hop Wah, 171 AD3d 574 [1st Dept 2019]; People v Breckenridge, 162 AD3d 425 [1st Dept 2018], appeal dismissed 32 NY3d 1072 [2018], lv denied 32 NY3d 1169 [2019]; People v Marcucci, 158 AD3d 434 [1st Dept 2018], lv dismissed 31 NY3d 1015 [2018]; People v Daniels, 174 AD3d 955 [3d Dept 2019], lv dismissed 34 NY3d 950 [2019]; People v Akbar, 169 AD3d 708 [2d Dept 2019], lv dismissed 33 NY3d 1101 [2019]).
The trial court here did not give the required Velez instruction. Instead, the trial court indicated to the jury that the attempted first-degree and second-degree assault charges with respect to Neville were wholly independent, even if the prosecution had not disproved justification as to the greater charge. The trial court not only failed to give the required instruction, but it charged justification separately with respect to the two counts with no mention on the verdict sheet that acquittal on the greater charge would necessitate an acquittal on the lesser charge—the same type of error that led to a reversal in Velez. The court compounded the error by giving the same erroneous instruction in response to a note from the jury.
Notably, the model verdict sheet was revised in January 2018 to reflect the rule of Velez and its progeny. Where justification is applicable to counts 1 and 2, not count 3, the verdict sheet should include the following language:
"If you find the defendant not guilty of count 1, . . . for the reason that the People have failed to prove beyond a reasonable doubt that the defendant was not justified, then, you must not consider count 2, . . . and you must also find the defendant not guilty of that count; and then, proceed to, consider, and render a verdict on count 3."
Considering both the manner in which the jury was instructed and the content of the verdict sheet, the jury would have continued on to the second-degree assault count even if it had acquitted defendant of attempted assault in the first degree on the basis of justification—an impermissible result under Velez.
Although defense counsel failed to object to the erroneous instruction, the error should be reached in the interest of justice as it undermines the reliability of the verdict (see People v Hop Wah, 171 AD3d at 574-575).[FN1]
"Since justification was a central issue at trial," and the trial court's instructions failed to "convey that acquittal of the greater charge" on that basis "precluded consideration of the lesser included offense[], the verdict is at best ambiguous," and reversal in the interest of justice is warranted (Velez, 131 AD3d at 130).
Accordingly, the judgment of the Supreme Court, New York County (Jill Konviser, J.), rendered January 11, 2017, convicting defendant, after a jury [*4]trial, of assault in the second degree, and sentencing her, as a second violent felony offender, to a term of six years, should be reversed, as a matter of discretion and in the interest of justice, and the matter remanded for a new trial.
Judgment Supreme Court, New York County (Jill Konviser, J.), rendered January 11, 2017, reversed, as a matter of discretion and in the interest of justice, and the matter remanded for a new trial.
Opinion by Manzanet-Daniels, J. All concur.
Renwick, J.P., Manzanet-Daniels, Kapnick, Kern, Kennedy, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2021



Footnotes

Footnote 1: People v Davis (176 AD3d 634 [1 st Dept 2019], lv denied 34 NY3d 1157 [2020]), in which we found the defendant's claims that a charge did not comply with Velez to be unpreserved, is distinguishable. In Davis, the defense counsel failed on multiple occasions to object to a charge and expressly agreed that it "satisfies Velez" (id. at 635). In any event, it is within our interest of justice jurisdiction to determine whether or not to review such unpreserved claims.